*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREMAINE HADDEN, | Civil Action No. 18-12703 (CCC) (CLW) |
| Plaintiff, | |
| v. | OPINION |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

**CECCHI, District Judge**

Plaintiff, Tremaine Hadden, brings this Complaint asserting claims pursuant to 42 U.S.C. § 1983. Plaintiff has been granted *in forma pauperis* status in this matter. The Court will review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) to determine whether it should be dismissed as frivolous or malicious for failure to state a claim upon which relief may by granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons explained below, the Court will dismiss the Complaint in part and proceed it in part.

**I. FACTUAL BACKGROUND**

Plaintiff brings this civil rights action against the following defendants: the State of New Jersey, the Department of Corrections ("DOC"), Tully House, Supervisor Aljune,[1] N. Easton, the Director of Tully House, Dr. Ahmar Shakir, Dr. Donique Ivery, Geo Group, Inc. ("Geo Group") and various John and Jane Does. (*See* Compl., ECF No. 1.) Plaintiff states that on April 27, 2018, he was playing basketball at the recreation gym of Tully House, a drug treatment facility, and

---

[1] The Court notes that Plaintiff uses two alternative spellings of this Defendant's name. Nevertheless, the Court will use the above spelling because that is used by Plaintiff in his caption.

injured his hand. (*Id.* at 4.) He was taken to his supervisor, Defendant Aljune, and requested medical treatment. (*Id.*) Plaintiff alleges that Defendant Aljune denied him treatment and Plaintiff was sent to his room. (*Id.*) Plaintiff claims that he again requested treatment and Defendant Aljune responded by threatening to write a negative report against Plaintiff. (*Id.*) Later on that evening, Plaintiff alleges that Defendant Aljune came to Plaintiff's room, threatened him, and placed Plaintiff in a holding area. (*Id.*) Plaintiff was then picked up by the DOC and taken to East Jersey State Prison with a charge of fighting with another person. (*Id.*) Plaintiff states that he continued to ask for medical care for his hand. (*Id.*) Plaintiff claims that on April 29, 2018, Defendant Easton, a Tully House counselor, wrote false charges against Plaintiff for fighting, and she did so to assist Defendant Aljune. (*Id.*) Plaintiff claims that he was retaliated against for requesting medical treatment. (*Id.* at 5.)

Plaintiff further alleges that he suffers from a broken hand, and Tully House and Geo Group are responsible for failing to have a medical department on site. (*Id.*) He also alleges that prior to this incident, he wrote letters to the manager and director of Tully House about the lack of medical treatment at Tully House, but they failed to respond. (*Id.*) Finally, Plaintiff alleges that Defendant Dr. Shakir "failed to provide plaintiff with adequate medical treatment stating there is nothing he can do" and that Defendant Dr. Ivery "was negligent when she reviewed and analyzed the injuries . . .[and] informed plaintiff that this was an emergent matter but failed to proceed in an emergent manner[.]" (*Id.*) Plaintiff seeks monetary damages, and seeks to have Tully House maintain adequate medical staff at its facility. (*Id.*)

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a prisoner proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B).

When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. ANALYSIS

The Court considers Plaintiff's claims brought pursuant to 42 U.S.C. § 1983. To recover under this provision, two elements must be shown. First, a plaintiff "must establish that the defendant acted under color of state law," and second, that the plaintiff has been deprived of "a

3

right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

1. Claims against Defendants the State of New Jersey and the DOC

It is well-established that the state and state entities are not "persons" for purposes of § 1983, and thus, are not amenable to suit under the §1983 statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Smith v. New Jersey*, 908 F. Supp. 2d 560, 563 (D.N.J. 2012) ("*Will* has thus been held to 'establish[ ] that the State and arms of the State . . . are not subject to suit under § 1983. . . .'") (quoting *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 365 (1990) ). Here, the DOC is a state entity, and thus, neither the State of New Jersey nor the DOC are "persons" amenable to suit under § 1983. *See Wimbush v. Jenkins*, No. 13-4654, 2014 WL 1607354, at *4 (D.N.J. Apr. 22, 2014) (dismissing § 1983 claims against the NJDOC, because the NJDOC is not a person within the meaning of the statute). Accordingly, the Complaint is dismissed with prejudice as to the State of New Jersey and the DOC.

2. Claims Against Defendants Tully House and Geo Group

Plaintiff asserts a claim against Tully House and Geo Group for the failure to have proper medical staff on site. (ECF No. 1 at 5.) He explains that rather than maintaining medical staff, inmates are taken to Rahway Prison for medical care. (*Id.*)

For a private entity to be found liable under § 1983, Plaintiff must assert facts showing that the entity had a relevant policy or custom, and that this policy or custom caused a violation of Plaintiff's constitutional rights. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003); *Jiminez v. All American Rathskeller, Inc.*, 503 F. 3d 247, 249 (3d Cir. 2007) (stating that a plaintiff must show a "direct causal link between a . . . policy or custom and the alleged constitutional deprivation.") (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

4

Here, Plaintiff does not provide any facts showing a direct causal link between the policy and Plaintiff's alleged constitutional deprivation of medical care. Instead, it appears that the Tully House/Geo Group policy of taking inmates to Rahway Prison for medical care was violated by one or more of their employees, and Plaintiff seeks to hold the entities responsible under an impermissible theory of *respondeat superior*. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691–92 (1978) (explaining that private entities such as a municipality cannot be found liable simply because they employ wrongdoers). What the facts show is that Defendants do have a policy in place for providing medical care—inmates are taken to Rahway Prison. To the extent that policy was not followed by Defendant Aljune, these Defendants cannot be held liable. If, instead, Plaintiff is arguing that the policy of taking inmates to Rahway Prison for medical care is deficient, he must provide facts to establish that deficiency. Plaintiff writes only that Tully House has a contract to treat inmates expeditiously. (ECF No. 1 at 5.) Accordingly, claims against Tully House and Geo Group are dismissed without prejudice for failure to state a claim.

3. Claims against Defendant Director of Tully House

To state a claim against an individual defendant, Plaintiff must allege facts showing that the individual participated in the alleged wrongdoing amounting to a violation of his constitutional rights. *See, e.g., Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to. . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs"). Here, Plaintiff alleges that prior to this incident, he and other inmates made medical requests to Director Morrison regarding receiving medical treatment at Tully House,

5

and no one responded. (ECF No. 1 at 5.) These facts fail to indicate that Director Morrison himself participated in Plaintiff's alleged inadequate medical care. Morrison's failure to respond to unrelated requests for medical care fail to establish that Morrison was specifically involved in denying Plaintiff medical treatment with respect to this incident. Accordingly, claims as to the Director of Tully House are dismissed without prejudice.[2]

### 4. Claims against Defendants Dr. Shakir and Dr. Ivery

Plaintiff alleges that Defendant Shakir and Ivery are liable for providing him inadequate medical care. "The Eighth Amendment, through its prohibition on cruel and unusual punishment, mandates that prison officials not act with deliberate indifference to a prisoner's serious medical needs by denying or delaying medical care." *Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "In order to sustain a constitutional claim, a prisoner must make: 1) an "objective" showing that the prisoner's medical needs were sufficiently serious; and 2) a "subjective" showing that the prison official acted with a sufficiently culpable state of mind." *Id.* (citing *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002)). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Id.* (citing *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009)).

Here, Plaintiff alleges generally that Defendant Shakir failed to provide him adequate medical care by stating he could not do anything, and Defendant Ivery was negligent in failing to respond to Plaintiff's emergent injuries. Even assuming that Plaintiff's injury to his hand is sufficiently serious, he has not provided facts showing that Defendants Shakir and Ivery were deliberately indifferent to his serious medical needs. To make such a showing, Plaintiff would

---

[2] Plaintiff also includes John and Jane Does 1-5 as Defendants in this action. Because he has failed to plead any facts with respect to these Defendants, they are dismissed without prejudice for failure to state a claim.

6

need to provide facts suggesting that these Defendants recklessly disregarded a substantial risk of serious harm by denying or delaying his medical care. *See Giles*, 571 F.3d at 33; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) ("It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute deliberate indifference.") (quotation and citation omitted). Plaintiff explains that by the time he was seen by these two doctors, it was "too late for appropriate treatment." (ECF No. 1 at 5.) Thus, Plaintiff acknowledges that the doctors were not indifferent to his medical needs, but were, instead, unable to provide him treatment due to the delay. Accordingly, Plaintiff's claims as to these Defendants are dismissed without prejudice for failure to state a claim.

5. <u>Claims against Defendant Aljune</u>

Plaintiff claims that Defendant Aljune was deliberately indifferent to his medical needs. The Third Circuit has identified several scenarios that rise to the level of deliberate indifference to serious medical need: "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citation omitted).

Plaintiff alleges that "he injured his hand while playing basketball." (ECF No. 1 at 4.) He explains that he asked Defendant Aljune for medical treatment multiple times, but Aljune threatened Plaintiff with a negative report, told Plaintiff to stop crying like a girl, and placed Plaintiff in a holding area. (*Id.*) Plaintiff does not appear to allege that there were any visible signs of injury. Instead, he explains that when he arrived at East Jersey State Prison, he again requested medical care for his hand "which had by then swelled up." (*Id.*) It is also not clear to the Court when Plaintiff was ultimately seen by medical personnel and how long the delay lasted. Plaintiff

7

explains that the injury occurred at approximately 7:45 PM and at or around 9:40 PM Defendant Aljune was still refusing Plaintiff's requests for medical treatment. (ECF No. 1 at 4.) Plaintiff also maintains that he continues to suffer from a broken hand as a result of his inadequate medical care. (*Id.* at 5.) While the facts are sparse, and the timeline is unclear, the Court, nevertheless, declines to dismiss Plaintiff's medical care claim against Defendant Aljune. *See Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993) (explaining that "deliberate indifference could exist . . . where [s]hort of absolute denial . . . necessary medical treatment [i]s . . . delayed for non-medical reasons") (internal citations and quotations omitted).

6. Claims against Defendant Easton

Plaintiff also maintains that he was retaliated against by Defendant Easton—who wrote false charges against him—for requesting medical care from Defendant Aljune. (ECF No. 1 at 4–5.) Retaliating against a prisoner for the exercise of his constitutional rights is unconstitutional." *Bistrian v. Levi*, 696 F.3d 352, 376 (3d Cir. 2012). To state a claim for retaliation, a plaintiff must allege that: (1) he engaged in constitutionally protected conduct, (2) he then suffered some adverse action caused by prison officials; and (3) a causal link existed between the protected conduct and the adverse action. *Obiegbu v. Werlinger*, 581 F. App'x 119, 122 (3d Cir. 2014) (citing *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)).

While the filing of medical grievances is considered constitutionally protected conduct, *see Velasquez v. DiGuglielmo*, 516 F. App'x 91, 95 (3d Cir. 2013), it is less clear whether requesting medical care is similarly protected conduct. At this stage, the Court will permit Plaintiff's retaliation claim against Defendant Easton to proceed.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss with prejudice Plaintiff's claims against the State of New Jersey and the Department of Corrections, and will dismiss without prejudice Plaintiff's claims against Tully House, the Director of Tully House, Dr. Ahmar Shakir, Dr. Donique Ivery, Geo Group, Inc., and the various John and Jane Does, for failure to state a claim upon which relief may be granted. The Court will allow Plaintiff's medical care claim against Supervisor Aljune and his retaliation claim against N. Easton to proceed. An appropriate Order follows.

Dated: 12/11/18

Claire C. Cecchi, U.S.D.J.