12/13/2018 US POSTAGE $016
ZIP 0710
041L1 246

NEWARK, NEW JERSEY 07101
OFFICIAL BUSINESS

NIXIE 220 4E 1 7212/28/18
RETURN TO SENDER
REFUSED
UNABLE TO FORWARD

X-RAYED

RETURN TO SENDER
No Inmate Number
No Sender's Name/Number
Name and Number Do Not Match
No Longer Housed At SSCP
Contents Not Approved
No Personal Packages Allowed
Must be Source from Source of...

Tremaine Hadley
Southern State Correctional Facility
4295 Route 47
Delmont, NJ 08314

2019 JAN -4 P 3:07
RECEIVED
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY

**Other Orders/Judgments**
2:18-cv-12703-CCC-CLW
HADDEN v. STATE OF NEW JERSEY et al

PLO,PROSE-PR



## U.S. District Court

### District of New Jersey [LIVE]

**Notice of Electronic Filing**

The following transaction was entered on 12/11/2018 at 2:23 PM EST and filed on 12/11/2018
**Case Name:**        HADDEN v. STATE OF NEW JERSEY et al
**Case Number:**      2:18-cv-12703-CCC-CLW
**Filer:**
**Document Number:** 2

**Docket Text:**
**OPINION. Signed by Judge Claire C. Cecchi on 12/11/2018. (sm)**


**2:18-cv-12703-CCC-CLW Notice has been electronically mailed to:**

**2:18-cv-12703-CCC-CLW Notice has been sent by regular U.S. Mail:**

TREMAINE HADDEN
SOUTHERN STATE CORRECTIONAL FACILITY
4295 ROUTE 47
DELMONT, NJ 08314

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=12/11/2018] [FileNumber=11990877
-0] [882e9a719833ebb52cd5c374e9006c13fc1cdc9836fc71ae9384be7764edd3b9b
eaa1776a5060df53f2af4c26e0dd10ee71ba546fe09f032971352dcd1e55d3c]]

**\*NOT FOR PUBLICATION\***

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREMAINE HADDEN, | Civil Action No. 18-12703 (CCC) (CLW) |
| Plaintiff, | |
| | **OPINION** |
| v. | |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

**CECCHI, District Judge**

Plaintiff, Tremaine Hadden, brings this Complaint asserting claims pursuant to 42 U.S.C. § 1983. Plaintiff has been granted *in forma pauperis* status in this matter. The Court will review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) to determine whether it should be dismissed as frivolous or malicious for failure to state a claim upon which relief may by granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons explained below, the Court will dismiss the Complaint in part and proceed it in part.

### I.  FACTUAL BACKGROUND

Plaintiff brings this civil rights action against the following defendants: the State of New Jersey, the Department of Corrections ("DOC"), Tully House, Supervisor Aljune,[1] N. Easton, the Director of Tully House, Dr. Ahmar Shakir, Dr. Donique Ivery, Geo Group, Inc. ("Geo Group") and various John and Jane Does. (*See* Compl., ECF No. 1.) Plaintiff states that on April 27, 2018, he was playing basketball at the recreation gym of Tully House, a drug treatment facility, and

---

[1]  The Court notes that Plaintiff uses two alternative spellings of this Defendant's name. Nevertheless, the Court will use the above spelling because that is used by Plaintiff in his caption.

When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. ANALYSIS

The Court considers Plaintiff's claims brought pursuant to 42 U.S.C. § 1983. To recover under this provision, two elements must be shown. First, a plaintiff "must establish that the defendant acted under color of state law," and second, that the plaintiff has been deprived of "a

Here, Plaintiff does not provide any facts showing a direct causal link between the policy and Plaintiff's alleged constitutional deprivation of medical care. Instead, it appears that the Tully House/Geo Group policy of taking inmates to Rahway Prison for medical care was violated by one or more of their employees, and Plaintiff seeks to hold the entities responsible under an impermissible theory of *respondeat superior*. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691–92 (1978) (explaining that private entities such as a municipality cannot be found liable simply because they employ wrongdoers). What the facts show is that Defendants do have a policy in place for providing medical care—inmates are taken to Rahway Prison. To the extent that policy was not followed by Defendant Aljune, these Defendants cannot be held liable. If, instead, Plaintiff is arguing that the policy of taking inmates to Rahway Prison for medical care is deficient, he must provide facts to establish that deficiency. Plaintiff writes only that Tully House has a contract to treat inmates expeditiously. (ECF No. 1 at 5.) Accordingly, claims against Tully House and Geo Group are dismissed without prejudice for failure to state a claim.

3. Claims against Defendant Director of Tully House

To state a claim against an individual defendant, Plaintiff must allege facts showing that the individual participated in the alleged wrongdoing amounting to a violation of his constitutional rights. *See, e.g., Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to. . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs"). Here, Plaintiff alleges that prior to this incident, he and other inmates made medical requests to Director Morrison regarding receiving medical treatment at Tully House,

need to provide facts suggesting that these Defendants recklessly disregarded a substantial risk of serious harm by denying or delaying his medical care. *See Giles*, 571 F.3d at 33; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) ("It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute deliberate indifference.") (quotation and citation omitted). Plaintiff explains that by the time he was seen by these two doctors, it was "too late for appropriate treatment." (ECF No. 1 at 5.) Thus, Plaintiff acknowledges that the doctors were not indifferent to his medical needs, but were, instead, unable to provide him treatment due to the delay. Accordingly, Plaintiff's claims as to these Defendants are dismissed without prejudice for failure to state a claim.

5. Claims against Defendant Aljune

Plaintiff claims that Defendant Aljune was deliberately indifferent to his medical needs. The Third Circuit has identified several scenarios that rise to the level of deliberate indifference to serious medical need: "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citation omitted).

Plaintiff alleges that "he injured his hand while playing basketball." (ECF No. 1 at 4.) He explains that he asked Defendant Aljune for medical treatment multiple times, but Aljune threatened Plaintiff with a negative report, told Plaintiff to stop crying like a girl, and placed Plaintiff in a holding area. (*Id.*) Plaintiff does not appear to allege that there were any visible signs of injury. Instead, he explains that when he arrived at East Jersey State Prison, he again requested medical care for his hand "which had by then swelled up." (*Id.*) It is also not clear to the Court when Plaintiff was ultimately seen by medical personnel and how long the delay lasted. Plaintiff

7

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss with prejudice Plaintiff's claims against the State of New Jersey and the Department of Corrections, and will dismiss without prejudice Plaintiff's claims against Tully House, the Director of Tully House, Dr. Ahmar Shakir, Dr. Donique Ivery, Geo Group, Inc., and the various John and Jane Does, for failure to state a claim upon which relief may be granted. The Court will allow Plaintiff's medical care claim against Supervisor Aljune and his retaliation claim against N. Easton to proceed. An appropriate Order follows.

Dated: 12/11/18

Claire C. Cecchi, U.S.D.J.

**Other Orders/Judgments**
2:18-cv-12703-CCC-CLW
HADDEN v. STATE OF NEW
JERSEY et al

PLO,PROSE-PR

## U.S. District Court

### District of New Jersey [LIVE]

**Notice of Electronic Filing**

The following transaction was entered on 12/11/2018 at 2:38 PM EST and filed on 12/11/2018
**Case Name:**       HADDEN v. STATE OF NEW JERSEY et al
**Case Number:**     2:18-cv-12703-CCC-CLW
**Filer:**
**Document Number:** 3

**Docket Text:**
ORDER that Plaintiff's claims against the State of New Jersey and the Department of Corrections are Dismissed With Prejudice; Plaintiff's claims against Tully House, the Director of Tully House, R. Ahmar Shakir, Dr. Donique Ivery, Geo Group, Inc. and John and Jane Does 1-5 are Dismissed Without Prejudice for failure to state a claim; Plaintiff's inadequate medical care claim against Supervisor Aljune and his retaliation claim against N. Easton shall Proceed at this time; the Clerk shall make to Plaintiff a transmittal letter explaining the procedure for completing the United States Marshal 285 Form; the Clerk shall serve Plaintiff with copies of this Order and the accompanying Opinion via regular mail. GEO GROUP, INC., DONIQUE IVERY, JANE DOES 1-5, JOHN DOES 1-5, AHMAR SHAKIR, STATE OF NEW JERSEY, TULLY HOUSE, DEPARTMENT OF CORRECTIONS and DIRECTOR OF TULLY HOUSE terminated.Signed by Judge Claire C. Cecchi on 12/11/2018. (sm) (n/m)


**2:18-cv-12703-CCC-CLW Notice has been electronically mailed to:**

**2:18-cv-12703-CCC-CLW Notice has been sent by regular U.S. Mail:**

TREMAINE HADDEN
SOUTHERN STATE CORRECTIONAL FACILITY
4295 ROUTE 47
DELMONT, NJ 08314

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=12/11/2018] [FileNumber=11991052
-0] [42e7f2df8484220714d1215a4f64a7ccf0825174090d0bcc5c6dbcc410f1b2857
f1c43889f0d60343156a66143287c9949ff8aaeb54c58085b0a7ab152e742aa]]

***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREMAINE HADDEN, | Civil Action No. 18-12703 (CCC) (CLW) |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

**CECCHI, District Judge**

This matter having been opened to the Court by Plaintiff's filing of a civil rights Complaint (ECF No. 1) and the Court having screened the Complaint for dismissal pursuant to 28 U.S.C. §1915(e)(2)(B); for the reasons stated in the Opinion filed with this Order;

IT IS this 11th day of December 2018,

**ORDERED** that Plaintiff's claims against the State of New Jersey and the Department of Corrections are DISMISSED WITH PREJUDICE; and it is further

**ORDERED** that Plaintiff's claims against Tully House, the Director of Tully House, Dr. Ahmar Shakir, Dr. Donique Ivery, Geo Group, Inc., and John and Jane Does 1-5 are DISMISSED WITHOUT PREJUDICE for failure to state a claim; and it is further

**ORDERED** that Plaintiff's inadequate medical care claim against Supervisor Rjune and his retaliation claim against N. Easton shall PROCEED at this time; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing the United States Marshal ("Marshal") 285 Form ("USM-285 Form"); and it is further